Jacob Ark, J.
This is a motion under CPLR 3211 (subd. [a], par. 7) on behalf of the defendants Lincoln Rochester Trust Company and Lelia A. Bollinger, as cotrustees under the will of Lewis L. Bollinger, Sr., to dismiss the amended complaint which alleges five causes of action.
In the first cause of action it is alleged that the plaintiff is a stockholder, president and chief executive officer of the defendant Bollinger Corporation (herein corporation), that the defendants Lewis L. Bollinger, Jr. and F. Leslie Bollinger are his brothers, and the defendant Lelia A. Bollinger is his mother, all of whom are shareholders of the corporation. Under the will of his late father, Lewis L. Bollinger, Sr., a trust was created in which his mother is the donee of a power of appointment to be exercised by her in her last will and testament.
The gravamen of the complaint is that a meeting of the shareholders was to be held on April 15,1966, and that false statements were made concerning the plaintiff and deceit practiced upon him by the individual defendants, particularly his brothers, ‘ ‘ for the illegal purpose of obtaining proxies and/or getting stockholders to vote for a slate of directors who would remove plaintiff as President and Chief Executive Officer and Birector of the Bollinger Corporation and who would vote to sell the corporation.” This would do violence to an agreement, annexed to the complaint, which was entered into between the plaintiff and his mother and was irrevocable during her lifetime, terminable only by any one of three events. Of these terminations the only one pertinent here is that the plaintiff “ shall cease to be associated with the said Bollinger Corporation.”
The agreement was made on November 12, 1965 and recites that in the trust over which the mother has the power of appointment there are approximately 18,290 shares of the corporation and that she owns in her own name 3,106 shares and holds a stock option to purchase approximately 2,500 additional shares. It provides that Mrs. Bollinger by her last will and testament, or by a codicil thereto, will exercise her power of appointment over the shares in the trust and dispose of her other shares by appointing one third of said shares to the plaintiff, absolutely, *810 and as to the remaining shares of the corporation held in trust together with the other shares owned by her, the plaintiff would have an irrevocable option to purchase all or any part thereof at a fixed sum per share or book value at the time of her death, whichever price is higher.
The wrongdoing charged to the trustees is concerned with their voting the shares in the trust and electing a board of directors that would remove the plaintiff as president, chief executive officer and director, and vote to sell the corporation.
Each of the four remaining causes of action realleges the allegations of the preceding action. The second action alleges a conspiracy to seize control of the corporation and sell it for the purpose of defeating plaintiff’s rights under the agreement between him and his mother. The third action is based upon the ground that the defendants endeavored to induce and caused Mrs. Dollinger to breach her agreement with the plaintiff. The fourth cause of action states that the defendants committed a prima facie tort as against the plaintiff and the fifth cause of action alleges that the defendants violated the civil rights of the plaintiff.
The thrust of the plaintiff’s argument is that the conduct of the defendants would result in the abrogation of the agreement.
In a motion of this nature, testing the legal sufficiency of the complaint, the allegations of fact must be assumed to be true, except those of a conclusory character, which are present in this pleading. It is clear that this complaint is bottomed on an agreement to exercise a power that can be exercised only in the last will and testament of a person now living.
Article 5 of the Real Property Law (added by L. 1964, ch. 864, eff. June 1, 1965) covers personal property (§ 131) and it seems that section 146 has direct application to the instant matter. Subdivision 1 of this section provides: “ The donee of a power of appointment not presently exercisable cannot contract to make an appointment. If the promise to make an appointment is not performed, the promisee cannot obtain either specific performance or damages, but he can obtain restitution of the value given by him for the promise.” (Subdivision 2 relates to the release of a power, not applicable here.)
The sufficiency of the complaint, absent the statutory provision, requires no determination, as the agreement so heavily relied upon by the plaintiff runs afoul of the enactment, and the court cannot give legal effect to the November 12, 1965 contract, as it pertains to the trust. The agreement is an inextricable part of the causes of action, and without it the complaint *811 is not sustainable as to the movants who are the named defendants in their capacities as cotrustees.
No papers have been furnished in opposition to the motion in accordance with CPLR 3211 (subd. [e]).
Motion granted.